UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>                    Plaintiff,<br><br>        v.<br><br>DAVID B. KAYE,<br><br>                    Defendants. | Case No. 1:22-cv-00929-JLT-HBK (PC)<br><br>ORDER REFERRING CASE TO POSTSCREENING SETTLEMENT CONFERENCE AND STAY OF CASE FOR 60 DAYS |

      This matter comes before the Court upon initial review of the case file that was transferred to this Court from the Northern District of California on July 27, 2022. (Doc. No. 33). Plaintiff Cymeyon Hill is a state prisoner proceeding pro se and *in forma pauperis* on his First Amended Complaint brought pursuant to 42 U.S.C. § 1983. (Doc. Nos. 13, 15). The court in the Northern District determined Plaintiff's First Amended Complaint stated a cognizable Eighth Amendment claim against Defendant Kaye. (Doc. No. 17). Prior to transfer, the court in the Northern District set this matter for a settlement conference. (See Doc. No. 27). Due to the change in venue, the settlement conference did not take place.

      This Court also refers all civil rights cases filed by *pro se* individuals to an early settlement conference before the magistrate judges to attempt to resolve such cases more

1

expeditiously and less expensively. *See also* Local Rule 270. No claims, defenses, or objections are waived by the parties' participation. Attempting to resolve this matter through settlement now would save the parties the time and expense of engaging in discovery and preparing substantive dispositive motions.

The Court therefore will STAY this action for 60 days to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in an early settlement conference. The Court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement conference. If, however, after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference. If either party opts out or the settlement is unsuccessful the Court will direct Defendant to file a response to the First Amended Complaint after which the Court will enter a discovery and scheduling order.

Accordingly, it is **ORDERED**:

1. This action will remain **STAYED for 60** days to allow the parties an opportunity to settle their dispute. No pleadings or motions may be filed in this case during the stay, and the parties shall not engage in formal discovery.

2. **Within 30 days** from the date on this Order, the parties shall file a notice if they object to proceeding to a settlement conference or if they believe that settlement is not currently achievable. **If either party objects to a settlement conference the Court will issue a scheduling and discovery order.**

3. If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

4. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160

////

////

////

5. The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* Local Rule 182(f).

Dated:  September 15, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE