UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>            Plaintiff,<br><br>    v.<br><br>DAVID B. KAYE,<br><br>            Defendant. | Case No.  1:22-cv-00929-JLT-HBK (PC)<br><br>ORDER GRANTING DEFENDANT'S REQUEST AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AS PROCEDURALLY DEFICIENT<br><br>(Doc. Nos. 48, 49) |

Pending before the Court is Plaintiff's pro se pleading titled "Cymeyon Hill Declaration, Affidavit motion for summary judgment in plaintiff's favor motion to challenge subject matter jurisdiction under federal rules civil p 12(B)(1): plaintiff respond to defendant's erroneous motion erie railroad v. Tompkins."   (Doc. No. 48, "Motion").  Liberally construed, Plaintiff appears to seek summary judgment on four grounds: (1) he suffered a serious injury caused by the Defendant; (2) Defendant acted maliciously by delaying treatment; (3) defense counsel is not licensed to practice in California; and (4) the Court lacks jurisdiction.  (*Id*.).  Defendant filed a request to have Plaintiff's Motion denied as premature and procedurally deficient because it does not comply with Local Rule 260.  (Doc. No. 49).   For the reasons set forth below, the Court denies Plaintiff's motion without prejudice as procedurally deficient and premature.

Plaintiff Hill is a state prisoner proceeding pro se and *in forma pauperis* in his civil rights action filed under 42 U.S.C. § 1983.  (Doc. Nos. 13, 15).  Plaintiff's Motion comprises 16 pages,

does not contain a statement of undisputed facts, and does not cite to any evidence in the record to support his argument. (*See generally* Doc. No. 48). Plaintiff also includes a three-page declaration from Defense Counsel, which was filed in support of Defendant's motion to modify the discovery and scheduling order, over which Plaintiff writes "Your offer for subject matter jurisdiction is heareby [sic] rejected I do no [sic] accept this offer to contract and I do not consent to these proceedings executed on 11-13-22 Cymeyon Hill without prejudice UCC 1-308." (*Id*. at 14). Plaintiff argues he should be granted summary judgment because Defendant acted maliciously by denying him medical treatment; and as a result, he suffered a serious injury.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment must include a "Statement of Undisputed Facts." Local Rule 260(a). Furthermore, this Court's local rule requires each motion of summary judgment to include "a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular points of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." To establish the absence of a genuine factual dispute, Plaintiff must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . " Fed. R. Civ. P. 56(c)(1)(A). *See also* Local Rule 260(a). Plaintiff's Motion fails to comport with Fed. R. Civ. P. 56(a) and Local Rule 260(a).

Without ruling on the merits of Plaintiff's Motion, Plaintiff's Motion is procedurally deficient because it neither contains a statement of undisputed facts, nor cites to any evidence to establish a fact. As a result, Plaintiff's motion is procedurally deficient under Fed. R. Civ. P. 56 and Local Rule 260(a). Further, as noted by Defendant in his opposition, Plaintiff's motion for summary judgment is premature. (*See* Doc. No. 49 at 3-4). This action is in the early stages of the proceedings, and as Defendant indicates, when Plaintiff filed his Motion, written discovery did not begin. (*Id*. at 3:27-28); (see also Doc. Nos. 45, 46) (requiring that Defendant file and

serve his responsive pleading on or before January 13, 2023).  As a result, in addition to being procedurally deficient, Plaintiff's Motion will be denied as premature.  *See Hammler v. Hernandez*, 2022 WL 16637658 (E.D. Cal. Nov. 2, 2022).

Plaintiff also argues that summary judgment should be granted because defense counsel is not licensed to practice in California.  (*Id*. at 9).  Plaintiff does not offer any evidence to support his conclusory argument.  Rule 56 does not authorize the court to grant summary judgment because an attorney is not licensed in a specific state.  *See generally* Fed. R. Civ. P. 56.  Notably, both counsel for Defendant include their state bar numbers with each document filed.  While the Court has no reason to doubt their admission to the State Bar of California, a review of the State Bar of California's website[1] shows both attorneys are licensed in California and are in good standing.  ***Plaintiff is warned that outlandish and conclusory allegations not supported by any evidence will not be tolerated and a continuance of such litigation practices could subject Plaintiff to sanctions.***

Ironically, Plaintiff's final argument is he should be granted summary judgment because he does not consent to the Court's jurisdiction.  (Doc. No. 48 at 14-16).  In support of his argument, Plaintiff cites the Uniform Commercial Code ("UCC").  (*Id*. at 14).  The undersigned will not belabor the deficiencies of Plaintiff's argument.  Once again, Rule 56 does not authorize the court to grant summary judgment because the moving party does not consent to its jurisdiction.  Fed. R. Civ. P. 56.  Notably, despite Plaintiff indicating he does not consent to this Court's jurisdiction, he initiated the instant action by filing a civil rights complaint under 42 U.S.C. § 1983, a matter in which the Court has subject-matter jurisdiction.  If Plaintiff does not consent to this Court's jurisdiction, he is entitled to file a motion to voluntarily dismiss this action under Rule 41.  *See* Fed. R. Civ. P. 41.  Finally, the UCC does not have any bearing on this issue and Plaintiff fails to cite any legal authority explaining how the UCC applies in the instant action.

Accordingly, it is **ORDERED**:

Defendant's Request to Deny Plaintiff's construed Motion for Summary Judgment (Doc.

---

[1] The State Bar of California's website, https://www.calbar.ca.gov/, allows the public to use an attorney's state bar number to ascertain if he or she is in good standing.

No. 49) is GRANTED and Plaintiff's construed Motion for Summary Judgment (Doc. No. 48) is DENIED without prejudice as procedurally deficient and premature.

Dated:    January 12, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE