UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID B. KAYE,<br><br>　　　　Defendant. | Case No.  1:22-cv-00929-JLT-HBK (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO TAKE JUDICIAL NOTICE<br><br>(Doc. No.  52) |

　　　　Pending before the Court is the Defendant's motion for the Court to take judicial notice. (Doc. No. 52).  Plaintiff did not file any opposition and the time to do so has expired.  *See* Local Rule 230(l) (opposition to a motion in a prisoner action must be filed within twenty-one (21) days after the date of service of the motion).  For the reasons set forth below, the Court grants Defendant's request for judicial notice.

　　　　Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The Court may take judicial notice on its own or at the request of any party.  *Id.* 201(c).  Facts that may be judicially noticed include court records.  *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see also United States v. Raygoza-Garcia*, 902 F.3d 994, 1001

(9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."), *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1057 n.3 (9th Cir. 2005).  "A court may take judicial notice of the existence of matters of public record . . .but not the truth of the facts cited therein."  *Marsh v. San Diego County*, 432 F.Supp.2d 1035, 1043 (S.D. Cal. May 5, 2006) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Circ. 2001)) (other citation omitted).  Finally, a court "may take judicial notice of publicly available information found on a government agency's website." *Arthur v. United Indus. Corp.*, 2018 WL 2276636, at *4 (C.D. Cal. May 7, 2018) (citing *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F.Supp. 3d 1011, 1033 (C.D. Cal. 2015), *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010)).

In his request for judicial notice, the Defendant lists the following twenty-eight (28) federal cases where Hill is the named Plaintiff:

1. *Hill v. Tyler, et al.*, Case No. 2:17-cv-01334-WBS-EFB (E.D. Cal. Jun. 29, 2017);
2. *Hill v. Kelly, et al.*, Case No. 2:17-cv-01600-JAM-EFB (E.D. Cal. Aug. 2, 2017);
3. *Hill v. Strong*, Case No. 2:17-cv-01774-JAM-CKD (E.D. Cal. Aug. 23, 2017);
4. *Hill v. Laureau, et al.*, Case No. 2:17-cv-02126-TLN-KJN (E.D. Cal. Oct. 11, 2017);
5. *Hill v. Dang, et al.*, Case No. 2:18-cv-00029-MCE-CKD (E.D. Cal. Jan. 4, 2018);
6. *Hill v. Kennedy*, Case No. 2:19-cv-02148-MCE-EFB (E.D. Cal. Oct. 23, 2019);
7. *Hill v. Savage*, Case No. 2:20-cv-00145-JAM-AC (E.D. Cal. Jan. 21, 2020);
8. *Hill v. Sacramento County*, Case No. 2:20-cv-00816-KJM-AC (E.D. Cal. Apr. 21, 2020);
9. *Hill v. Tyler, et al.*, Case No. 4:20-cv-03156-YGR (N.D. Cal. May 8, 2020);
10. *Hill v. Diaz, et al.*, Case No. 2:20-cv-00963-TLN-CKD (E.D. Cal. May 11, 2020);
11. *Hill v. Tyler, et al.*, Case No. 4:20-cv-04797-YGR (N.D. Cal. Jul. 17, 2020);
12. *Hill v. Sacramento County*, Case No. 2:20-cv-01477-KJM-DMC (E.D. Cal. Jul.

22, 2020);[1]

13. *Hill v. Newsome, et al.*, Case No. 2:20-cv-01652-KJM-KJN (E.D. Cal. Aug. 17, 2020);

14. *Hill v. M.B. Atchley, et al.*, Case No. 4:20-cv-06428-YGR (N.D. Cal. Sept. 14, 2020);

15. *Hill v. Tyler, et al.*, Case No. 4:20-cv-07374-YGR (N.D. Cal. Oct. 13, 2020);

16. *Hill v. Ventura, et al.*, Case No. 4:20-cv-07460-YGR (N.D. Cal. Oct. 16, 2020);

17. *Hill v. Martinez, et al.*, Case No. 4:20-cv-07621-YGR (N.D. Cal. Oct. 29, 2020);

18. *Hill v. Perez, et al.*, Case No. 4:21-cv-00446-YGR (N.D. Cal. Jan. 11, 2021);

19. *Hill v. Weaver, et al.*, Case No. 4:21-cv-03640-YGR (N.D. Cal. May 14, 2021);

20. *Hill, et al. v. Santa Cruz Police Department, et al.*, Case No. 4:21-cv-05532-YGR (N.D. Cal. Jul. 20, 2021);

21. *Hill v. Martinez, et al.*, Case No. 4:21-cv-05557-YGR (N.D. Cal. May 25, 2021);

22. *Hill v. Cornelson, et al.*, Case No. 4:21-cv-06616-YGR (N.D. Cal. Aug. 26, 2021);

23. *Hill v. Bowers, et al.*, Case No. 2:21-cv-01602-KJM-DMC (E.D. Cal. Sept. 7, 2021);[2]

24. *Hill v. Allison, et al.*, Case No. 2:21-cv-07368-JLS-E (C.D. Cal. Sept. 13, 2021);

25. *Hill v. Allison, et al.*, Case No. 2:21-cv-01798-KJM-KJN (E.D. Cal. Sept. 30, 2021);

26. *Hill v. Rivera, et al.*, Case No. 5:22-cv-00060-JLS-E (C.D. Cal. Jul. 23, 2021);[3]

27. *Hill v. Bullard, et al.*, Case No. 2:21-cv-02336-KJM-KJN (E.D. Cal. Nov. 16, 2021);[4] and

---

[1] Defendant lists this case number as 2:20-cv-01477-KJ1VI-DMC (E.D. California). (Doc. No. 52 at 7, ¶12). A search for this case on CM/ECF indicates the case number is 2:20-cv-01477-KJM-DMC. After reviewing the docket, the Court finds the discrepancy to be a scrivener's error.

[2] Defendant lists this case number as 2:21-cv-01602-KJ1VI-DMC (E.D. California). (Doc. No. 52 at 11, ¶23). A search for this case on CM/ECF indicates that the case number is 2:20-cv-01602-KJM-DMC. After reviewing the docket, the Court finds the discrepancy to be a scrivener's error.

[3] Defendant indicates this case was filed in the Eastern District of California. (Doc. No. 52 at 12, ¶26). A search for the case on CM/ECF and PACER indicates the case was filed in the Central District of California. After reviewing the docket, the Court finds the discrepancy is a scrivener's error.

[4] Defendant lists this case number as 2:21-cv-02336-KJ1VI-KJN (E.D. California). (Doc. No. 52 at 13,

28. *Hill v. Aggarwal*, Case No. 2:22-cv-00571-WBS-DMC (E.D. Cal. Mar. 7, 2022). (Doc. No. 52 at 2-14). As to each case, Defendant requests the Court take judicial notice of various court dockets, complaints, orders granting motions to dismiss, findings and recommendations, orders dismissing each case, judgments, and orders denying certificates of appealability. (*See generally id.*). Each document is included as an exhibit. (*Id*. at 16- 809).

Defendant also requests the Court to take judicial notice of a May 3, 2021 Guidance issued by the California Department of Health governing the use of face coverings, and a June 24, 2021 Guidance issued by the California Department of Health governing the use of face coverings. (*Id*. at 14 ¶¶ 29, 30). Each guidance is included as an exhibit. (*Id*. at 810-819).

The twenty-eight cases cited *supra*, are properly subject to judicial notice because they are court records which are undisputed matters of public record. *See United States ex rel. Robinson Rancheria Citizens Council*, 971 F.2d at 248, *Raygoza-Garcia*, 902 F.3d at 1001, *Headwaters Inc.*, 399 F.3d at 1057 n.3. Notably, the Court is taking judicial notice of the existence of each case which are matters of public record, it is not taking judicial notice of facts citied within a complaint, motion, pleading, etc. *See Marsh*, 432 F.Supp.2d at 1043 (citing *Lee*, 250 F.3d at 689-690) (other citation omitted). The Court further finds the May 3, 2021 Guidance for the Use of Face Covering and the June 24, 2021 Guidance for the Use of Face Covering, which are both issued by the California Department of Health, are also properly subject to judicial notice because each guidance is publicly available information found on the California Department of Health's website. *See Arthur*, 2018 WL 2276636, at *4, *Gerritsen*, 112 F.Supp. 3d at 1033, *Daniels-Hall*, 629 F.3d at 998-99.

Accordingly, it is **ORDERED**:

Defendant's motion to take judicial notice (Doc. No. 52) is GRANTED.

Dated:   June 29, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

¶27). A search for the case on CM/ECF indicates that the case number is 2:20-cv-02336-KJM-KJN. After reviewing the docket, the Court finds the discrepancy is a scrivener's error.

4