1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CYMEYON HILL,                        Case No.  1:22-cv-00929-JLT-HBK (PC)

12              Plaintiff,                 FINDINGS AND RECOMMENDATIONS:

13        v.                              TO REVOKE PLAINTIFF'S *IN FORMA
                                          PAUPERIS* STATUS
14   DAVID B. KAYE,[1]
                                          (Doc. No. 13)
15              Defendant.
                                          TO GRANT IN PART DEFENDANT'S
16                                        MOTION TO DISMISS AND TO DECLARE
                                          PLAINTIFF A VEXATIOUS LITIGANT
17                                        AND REQUIRE POSTING OF SECURITY

18                                        (Doc. No. 51)

19                                        FOURTEEN DAY OBJECTION PERIOD

20

21

22        Pending before the Court is Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)

23   and Motion to Declare Plaintiff a Vexatious Litigant and Require Posting of Security Pursuant to

24   28 U.S.C. § 1651 and Local Rule 151(B) filed on January 13, 2023.  (Doc. No. 51, "Motion").

25   Defendants filed a Request for Judicial Notice in Support of their Motion.  (Doc. No. 52).  On

26   January 23, 2023, Plaintiff filed three separate pleadings, which the Court liberally construes as

27   Plaintiff's opposition to the Motion, declaration in support of Plaintiff's opposition, and

28   
_____

[1] Defendant notes his name is spelled incorrectly as "Kay" instead of "Kaye." (Doc. No. 51 at 1).

supplement to his opposition.  (Doc. Nos. 53, 55, 56).  For the reasons set forth below, the undersigned recommends the district court revoke Plaintiff's *in forma pauperis* status and grant, in part, Defendant's Motion.

## I.    PROCEDURAL BACKGROUND

Plaintiff Cymeyon Hill ("Plaintiff" or "Hill") initiated this action on July 23, 2021 in the Sacramento Division of this Court by filing a civil rights complaint while he was detained in Salinas Valley State Prison ("SVSP") located in Soledad, California.  (Doc. No. 1).   The complaint complained of events that occurred in Monterey and San Mateo Counties.  (*Id*.).  Because Monterey and San Mateo County are within the venue and jurisdiction of the Northern District of California, the case was transferred to the Northern District of California.  (Doc. No. 4).

On February 3, 2022, the Northern District Court granted Plaintiff *in forma pauperis* status and dismissed Plaintiff's Complaint with leave to amend.  (Doc. Nos. 13, 14).  On February 16, 2022, Plaintiff filed his first amended complaint.  (Doc. No. 15, "FAC").  At the time he filed his amended complaint, Plaintiff was held at California State Prison in Sacramento.  (*Id*. at 1).  According to the amended complaint, on May 23, 2021, during the COVID-19 pandemic, SVSP medical officials referred Plaintiff to Defendant Kaye, an eye specialist, for "emergency treatment," but Defendant Kaye "refused to give [him] treatment yelling and screaming at [him] stating [his] mask ke[pt] falling off [his] face [and to] get out of here."  (*Id*. at 3).  Plaintiff "tried to correct the issue" by pushing his mask up onto his "facial area," but Defendant Kaye "called [him] a nigger and refused to treat [his] eye injury and walked out of the doctor ['] s office."  (*Id*.).  As a result, Plaintiff suffered "diminished eye sight [,] …dizziness [,] and blurred vision[.]"  (*Id*.).  Plaintiff sought $2 million for punitive damages.  (*Id.*).  The Northern District found "[l]iberally construed, plaintiff's complaint states a cognizable Eighth Amendment claim against Defendant Kaye" and dismissed the complaint with prejudice against Natural Vision Medical Group Employees as defendants.  (Doc. No. 17).  On June 27, 2022, Defendant Kaye filed a motion to change venue back to the Eastern District since he, as the sole defendant, resides in Fresno County and his office, where the alleged acts of wrongdoing occurred, is in Madera

2

County.  (Doc. No. 28).  On July 27, 2022, the Northern District court granted the motion and transferred the case back to this Court.  (Doc. No. 33).

## II.   PLAINTIFF'S *IN FORMA PAUPERIS* STATUS SHOULD BE REVOKED

Prior to addressing Defendant's Motion, the undersigned undertook a full review of the docket and filings, including Plaintiff's applications to proceed *in forma pauperis* (Doc. Nos. 2, 10) and his inmate fund trust account statement (Doc. No. 11), and finds that Plaintiff had sufficient funds when he initiated this action and when he submitted his applications to proceed *in forma pauperis* to pay the filing fee in full.  Thus, the undersigned recommends that Plaintiff's *in forma pauperis* status (Doc. No. 13) be revoked, and Plaintiff be ordered to pay the $402.00 filing fee in full to proceed in this action.

Title 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor."  A determination of indigency rests within the court's discretion.  *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").  Although an applicant need not be "destitute" a showing of indigency is required.  *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339–40 (1948) (recognizing that an ability not to be able to pay for oneself and his dependents "the necessities of life" is sufficient).  Thus, a plaintiff must allege indigency "with some particularity, definiteness and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Despite Plaintiff's places of confinement at SVSP and California State Prison when he filed his initial complaint and his amended complaint, Plaintiff stated he was a "civil detainee" and is not a prisoner.[2]  (Doc. No.1 at 4; Doc. No. 15 at 2).  As a civil detainee, Plaintiff nonetheless has "limited overhead" and his necessities, such as food, shelter, and medical care,

---

[2] On August 5, 20222, Plaintiff filed a notice of change of address indicating he was transferred from SVSP to California State Prison.  (Doc. No. 38).  On February 13, 2023, the Clerk of Court *sue sponte* updated Plaintiff's address of record to Patton State Hospital based on the notice of change of address Plaintiff filed in case no. 2:21-cv-01727-KJN.

are provided for him by the state making his situation akin to a prisoner, and "his possession of even modest assets may prelude in forma pauperis status." *Hill v. Agonone*, 2023 WL 2394096, at *1 (E.D. Cal. Feb. 22, 2023) (citation omitted), *findings and recommendation adopted by*, 2023 WL 3379307 (E.D. Cal. May 11, 2023); *see also Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (finding that prisoners, unlike non-prisoner litigants, are in state custody "and accordingly have the 'essentials of life' provided by the government."). The courts are inclined to reject *in forma pauperis* applications where an applicant can pay the filing fee with an acceptable sacrifice to other expenses. *See, e.g. Casey v. Haddad*, 2021 WL 2954009, at *1 (E.D. Cal. June 17, 2021), *report and recommendation adopted*, 2021 WL 2948808 (E.D. Cal. July 14, 2021) (finding prior balance of $1,000, despite being decreased to $470 shortly before filing action, sufficient to pay $402 filing fee); *Riddell v. Frye*, 2021 WL 3411876, at *1 (E.D. Cal. July 9, 2021), *report and recommendation adopted*, 2021 WL 3472209 (E.D. Cal. Aug. 6, 2021) (finding available balance of $1,297.21 sufficient to pay $402 filing fee and denying IFP); *Allen v. Kelly*, 1995 WL 396860 at *2 (N.D. Cal. 1995) (despite initially being permitted to proceed IFP, ordering plaintiff to pay $120 filing fee in full out of $900 settlement proceeds); *Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (denying IFP because "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action.").

Here, when Plaintiff signed his renewed motion to proceed *in forma pauperis* on December 28, 2021, he stated under penalty of perjury that he had no cash or assets. (Doc. No. 10).[3] However, contrary to these averments in his application, Plaintiff's "Inmate Statement Report" provided by the California Department of Corrections and Rehabilitations reflected a balance of $4,247.32 in his account on January 3, 2022. (Doc. No. 11). A litigant's *in forma pauperis* status is not axiomatic just because one is confined as a civil detainee. While a balance of $4,247.32 appears modest at first blush, it is not inconsequential considering Plaintiff does not incur expenses at the state hospital where he is currently detained for necessities such as

---

[3] Plaintiff's "Inmate Statement Report" reflected a balance of $5365.71 on the date this case was filed. (Doc. No. 11).

4

1   sustenance, housing, and medical care.  While the Ninth Circuit has held that "the filing fee . . .

2   should not take the litigant's last dollar," *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995),

3   the information provided by Plaintiff reflects that he had sufficient funds to pre-pay the $402.00

4   filing fee in full and have adequate funds left over for any incidental personal or commissary

5   expenses.

6          Consequently, the undersigned RECOMMENDS the district court revoke Plaintiff's *in*

7   *forma pauperis* status (Doc. No. 13) because contrary to Plaintiff's statements sworn to under

8   penalty of perjury, Plaintiff had sufficient funds to pay the filing fee at the time he initiated this

9   action and continued to have sufficient financial assets when he filed his first amended complaint.

10                        **III.    DEFENDANT'S MOTION TO DISMISS**

11          Defendant moves for a dismissal of the first amended complaint pursuant to Federal Rule

12   of Civil Procedure 12(b)(6) and additionally seeks to have Plaintiff declared a vexatious litigant

13   and be required to post security.  (Doc. No. 51).  Defendant filed exhibits in support of their

14   Motion, consisting of the Declaration of counsel (Doc. No. 51-1 at 1-2); excerpts of Plaintiff's

15   medical records with a Declaration of Custodian of Records (*Id*. at 3-22); and a Declaration from

16   Defendant Dr. Kaye (Doc. No. 51-2).  Defendant also concurrently filed a request for judicial

17   notice with his Motion.  (Doc. No. 52).  Specifically, Defendant requested the Court to take

18   judicial notice of various court dockets, complaints, orders granting motions to dismiss, findings

19   and recommendations, orders dismissing each case, judgments, and orders denying certificates of

20   appealability in 28 enumerated federal civil rights cases filed by Plaintiff, the May 3, 2021

21   Guidance issued by the California Department of Health governing the use of face coverings, and a

22   June 24, 2021 Guidance issued by the California Department of Health governing the use of face

23   coverings.  (*See generally Id*.).  The undersigned, by sperate order, granted the request for judicial

24   notice.  (Doc. No. 62).

25          **A.  Motion to Dismiss Standard**

26          A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the

27   legal sufficiency of a claim."  *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir.

28   2011).  Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal

theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.; see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the complaint must have sufficient facts to state a facially plausible claim for relief).  In deciding a motion under Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the complaint and determines whether the factual allegations are sufficient to state a right to relief above the speculative level.  *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *see also Nw. Envtl. Def. Ctr. v. Brown,* 640 F.3d 1063, 1070 (9th Cir. 2011) (court accepts as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them).  Though courts construe pro se filings liberally and afford the pro se litigant the benefit of any doubt, a pro se complaint still must satisfy these standards.  *Hebbe v. Pliler*, 627 F.3d 338, 341-43 (9th Cir. 2010).

The court may not consider materials outside of the complaint and the pleadings. *Gumataotao v. Dir. of Dep't of Revenue & Taxation*, 236 F. 3d 1077, 1083 (9th Cir. 2001).  But the court may consider "materials of which the court may take judicial notice."  *Barron v. Reich*, 13 F. 3d 1370, 1377 (9th Cir. 1994).

"Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend.  Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted."  *Winebarger v. Pennsylvania Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019) (citation omitted).  However, where leave to amend would be futile, because "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," leave to amend may be denied.  *DeSoto v. Yello Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Defendant seeks dismissal of Plaintiff's first amended complaint on the basis that the operative complaint fails to state a claim on two grounds.  (Doc. No. 51 at 19-22).  First, Defendant argues the first amended complaint contains no allegations that Defendant is a state actor, nor does it allege any facts from which it can be inferred that there is a sufficiently close nexus between the Defendant and the state to presume he is a state actor.  (*Id*. at 19-20).  Defendant points out that in his operative complaint Plaintiff admits he was transported from SVSP to Natural Vision Medical Group, a "private company" to be examined by Defendant.  (*Id*.

6

at 19).  Defendant in his Declaration avers that neither he nor Natural Vision Medical Group had a contract with the state of California to provide medical care to inmates of the California Department of Corrections and Rehabilitation.  (*Id.*, Doc, No. 52-2 at 3 ¶ 11).

Second, Defendant argues the operative complaint fails to allege sufficient facts that Defendant acted with deliberate indifference to Plaintiff's serious medical needs.  (Doc. No. 51 at 20-21).  Defendant contends Plaintiff acknowledges he did not have a face mask on his face because he admits he "tried to correct the issue by pushing the mask 'on facial area.'"  (*Id.* at 21:11-12) (quoting Doc. No. 15 at 3).  Defendant also denies using a racial slur when he refused to treat Plaintiff because he was not masked.  (*Id.* at 21-22).  Moreover, Defendant argues his decision to not treat Plaintiff because he refused to wear a face mask is not indicative of deliberate indifference because his decision was supported by guidance from the California Department of Health which mandated the wearing of a facial covering.  (*Id.* at 22).  At best, Defendant explains, the operative complaint may support a cause of action against him for professional negligence but not for medical deliberate indifference.  (*Id.*).

In opposition, to the extent discernable, Plaintiff argues the Court should not dismiss this action because the operative complaint survived screening and the Court ordered an early settlement conference.  (Doc. No. 53 at 5-6).  Plaintiff also suggests this Court lacks jurisdiction to dismiss this action and claims the undersigned is "partial and bias[ed]" and is engaged in a "relationship" with defense counsel.  (Doc. Nos. 55 at 6-7; 56).  Finally, Plaintiff argues he should be given another opportunity to amend his operative pleading before the Court dismisses this action due to his pro se status.  (Doc. No. 55 at 7).

In reply, Defendant counters Plaintiff cannot rely on the screening order to overcome a Rule 12(b)(6) motion.  (Doc. No 57 at 2).  Furthermore, Defendant notes a referral of this action to post-screening alternative dispute resolution is not a basis to deny his motion to dismiss and points out that Plaintiff failed "to address the substance of Dr. Kaye's legal argument as to the pleading defects of the First Amendment Complaint…."  (*Id.*).

**B.  Applicable Law**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by

federal law.  *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (citing *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)); *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).   "The 'under color of law' requirement under § 1983 is the same as the Fourteenth Amendment's 'state action' requirement." *Chudacoff* at 1149 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928 (1982)).

The government has an "obligation to provide medical care" for those they confine, the failure of which can constitute an Eight Amendment violation.  *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976).  A constitutional medical deliberate indifference claim contains an objective and subjective standard.  Objectively, a plaintiff must have a serious medical condition.  And subjectively, the defendant must have exhibited deliberate indifference to that serious medical condition.  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012).  A medical need is "serious" if the failure to treat "could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

Because Plaintiff claims he is civilly detained and is not a prisoner, his rights arise under the Fourteenth Amendment instead of the Eighth Amendment, but the standard of review is largely the same.  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc); *see also Mendiola–Martinez v. Arpaio*, 836 F.3d 1239, 1246 n. 5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment.").  A § 1983 action premised on violation of the Fourteenth Amendment for inadequate medical care requires allegations that the defendant acted with deliberate indifference to the plaintiff's serious medical needs.  *Castro*, 833 F.3d at 1067-68.  Thus, the plaintiff must first establish that they have a serious medical need; and second, they

1  must allege facts that the defendant was deliberately indifferent to their serious medical need.

2  The Ninth Circuit has held that the objective, not subjective, deliberate indifference

3  standard applies when evaluating a detainee's medical care claim.  *See Gordon v. County of*

4  *Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (holding claims for violations of the right to

5  adequate medical care for pretrial detainees are evaluated under the objective standard set forth in

6  *Castro*).  The elements of a detainee's medical care claim under the Fourteenth Amendment are:

7  (1) the defendant made an intentional decision with respect to the conditions under which the

8  plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious

9  harm; (3) the defendant did not take reasonable available measures to abate that risk, even though

10  a reasonable official in the circumstances would have appreciated the high degree of risk

11  involved—making the consequences of the defendant's conduct obvious; and (4) by not taking

12  such measures, the defendant caused plaintiff's injuries.  *Id*. at 1124-1125.

13  **C.  Analysis**

14  Initially, Plaintiff's argument that because the Court previously screened the complaint

15  finding a cognizable claim precludes a dismissal under Rule 12(b)(6) is erroneous.  *See Hudson v.*

16  *Pfeiffer*, 2021 WL 5989158, at *4 (E.D. Cal. Dec. 17, 2021) (collecting cases), *report and*

17  *recommendation adopted*, 2022 WL 6813645 (E.D. Cal. Oct. 11, 2022), *appeal dismissed*, 2023

18  WL 3260576 (9th Cir. Jan. 26, 2023).  Because a court's prior screening order does not preclude a

19  defendant from moving under Rule 12(b)(6), the Court considers the Defendant's two arguments

20  for dismissal.  The Court notes, however, in considering the Motion, the Court must limit itself

21  only to the four corners of the operative complaint and those matters of which it may take judicial

22  notice.  Thus, the Court may not consider the exhibits to the Motion, including Plaintiff's medical

23  records or Defendant's Declaration at this stage.

24  First, regarding Defendant Kaye's state actor argument, private parties are not generally

25  acting under the color of state law for purposes of § 1983.  *Williams v. Fresno Cty. Dep't of Child*

26  *Support Servs.*, 2021 WL 2355651, at *5 (E.D. Cal. June 9, 2021) (citing *Price v.* Hawaii, 939

27  F.2d 702, 707-08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves

28  an area of individual freedom by limiting the reach of federal law and federal judicial power.  It

also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.")  For private parties to be acting under the color of state law, the act must be "fairly attributable to the State."  *See Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989) (citing *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 937 (1982)).  Courts apply the following four different tests to determine whether a private act is attributable to the State: the public function test, the joint action test, the governmental compulsion test, and the governmental nexus test.  *Lugar* at 939; *see also Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).  The Ninth Circuit presumes private actors are not state actors and it is the plaintiff's burden to establish a defendant is a state actor.  *Florer*, 639 F.3d 916, 922 (9th Cir. 2011) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978), *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)).  In *West v. Atkins*, 487 U.S. 42 (1988), the United States Supreme Court held that under certain circumstances, physicians under contract with the state to provide medical services to prison inmates act under color of state law for purposes of a § 1983 claim.

A review of the amended complaint confirms it contains no affirmative allegation that Defendant Kaye is a state actor.  Thus, the undersigned considers whether the amended complaint contains any factual allegations from which the Court can infer that Defendant Kaye is a state actor under any of the four identified tests.  Here, the amended complaint acknowledges that Plaintiff saw Defendant Kaye at Natural Vision Medical Group, an outside "private company." (Doc. No. 15 at 2).  Thus, unlike *West*, Dr. Kaye did not treat or examine Plaintiff at SVSP facilities but saw him at an outside private medical facility.  Further, Plaintiff confirms he was sent by SVSP medical staff to see Dr. Kaye an "eye specialist for emergency treatment."  (*Id.* at 3).  "[P]rivate doctors who provide emergency medical services…are generally not state actors[.]" *Ovalle v. Orange Cnty. Sheriff's Dep't*, 2023 WL 2629892, at *4 (C.D. Cal. Jan. 20, 2023); *see also Clewis v. California Prison Health Care Services*, 2013 WL 2482521, at *6 (E.D. Cal. Jun. 10, 2013) (finding that the defendant who treated a prisoner during a medical emergency was not a state actor noting that the defendant offered emergency services to the general public and "in the absence of a contract or other evidence of an ongoing obligation to treat prisoners" did not bring the case "within the ambit of *West* [*v. Atkins*, 487 U.S. 42 (1988)].").  Finally, while

10

Defendant affirms, he did not have any contract with CDCR to provide medical services to detainees, the Court may not consider this fact at this time. Indeed, "[w]hether a private physician who contracted with the state to treat inmates is acting under color of state law is a fact-intensive inquiry." *Staggs v. Doctors Hosp. of Manteca*, 2018 U.S. Dist. LEXIS 46689, at *18 (E.D. Cal. Mar. 20, 2018).[4] Nonetheless, here the amended complaint does not contain any allegations that Defendant had a contract nor any relationship with CDCR to provide treatment to detainees. Thus, as plead, the amended complaint is completely devoid of any facts from which the undersigned can find that Dr. Kaye was a state actor under any of the four tests. *Ward v. Cnty. of Mendocino*, 2017 WL 4949003, at *10 (N.D. Cal. Nov. 1, 2017) (granting motion to dismiss to physician who provided medical care to inmate who was transferred from jail to private hospital finding mere allegations that jail sent plaintiff out for medical care insufficient to convert private physician into a state actor). Thus, because the amended complaint is silent as to whether Defendant Kaye is a state actor and otherwise is devoid of any allegations from which the Court can construe that Defendant Kaye was anything more than a private optometrist, the undersigned finds the amended complaint has not articulated a necessary element to bring a § 1983 action and thus it fails to state a claim and is subject to dismissal under Fed. R. Civ. P. 12(b)(6). *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d at 1149.

Turning to Defendant's second ground for dismissal, the Motion does not appear to dispute that Plaintiff had a serious medical need. Notably, the operative complaint does not specify the exact nature of Plaintiff's medical condition. The Court, however, liberally construes the amended complaint as alleging that Plaintiff had an objectively serious medical need based upon the allegation that SVSP medical officials sent Plaintiff for outside medical "emergency treatment" for his eye. *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("the existence of an injury that a reasonable doctor or patient would find important and worthy of

---

[4] At the summary judgment stage, a defendant may be able to present evidence outside the four corners of the operative complaint proving undisputed facts which show that he was not a state actor. *See Lowe v. McGuinness*, 2012 U.S. Dist. LEXIS 42127, at *13-14 (E.D. Cal. Mar. 26, 2012) (granting summary judgment to neurosurgeon who did not act under color of state law); *Sanchez v. Smith*, 2006 U.S. Dist. LEXIS 37831 at * 4-7 (W.D. Wash. May 24, 2006) (granting summary judgment to private doctor who accepted referral from Department of Corrections).

1   comment or treatment" supports finding of seriousness).

2          Instead, Defendant argues that his decision to not treat Plaintiff because he refused to wear

3   a mask was supported by guidance from the California Department of Health requiring Plaintiff

4   to wear a facial covering while indoors.  (*Id*. at 13-14).  Again, whether Plaintiff refused to wear a

5   mask is a question of fact.  Here, the amended complaint alleges that Plaintiff had his mask on,

6   but it kept falling off his face.  (Doc. No. 15 at 3).  Despite Plaintiff trying to correct the issue by

7   pushing his mask up, Defendant yelled a racial slur and refused to treat Plaintiff, causing Plaintiff

8   to suffer diminished eyesight, blurriness, and pain.  (*Id*.).  The Court must accept Plaintiff's well-

9   pled factual allegations when determining if the factual allegations are sufficient.  *Iqbal*, 556 U.S.

10  662; *see also Nw. Envtl. Def. Ctr.*, 640 F.3d at 1070.  The refusal to render any care to Plaintiff

11  despite Plaintiff's attempts to rectify his falling mask is sufficient to state an *objective* claim of

12  deliberate indifference.  *See Gordon*, 888 F.3d at 1124-25 (emphasis added).  Thus, the

13  undersigned finds Defendant's second ground for dismissal should be denied.

14          Consequently, the undersigned RECOMMENDS the district court grant Defendant's Rule

15  12(b)(6) motion and dismiss Plaintiff's first amended complaint for failure to state a claim against

16  the Defendant Kaye because the first amended complaint fails to allege facts from which the

17  Court can infer that Defendant was a state actor.  Because Plaintiff may be able to correct the

18  pleading deficiency, the dismissal should be without prejudice to Plaintiff being permitted to file

19  second amended complaint within thirty (30) days.

20  **IV.    DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**

21          Defendant requests the Court to declare Plaintiff a vexatious litigant as defined by

22  California law and require Plaintiff to post security as required by this Court's Local Rule 151(b)

23  in an amount not less than $10,000 before permitting Plaintiff to proceed in this matter.  (Doc.

24  No. 51 at 23).  In support, Defendant cites to twenty-eight (28) cases commenced by Plaintiff in

25  the last seven years as evidence of Plaintiff's frivolous and harassing nature. [5]  (*Id*. at 11-28).

26  Defendant argues Plaintiff's history of abandoning cases by failing to file an amended complaint

27  _____

28  [5] The Court granted Defendant's request to take judicial notice of these twenty-eight (28) cases by separate order.  (Doc. No. 62).

1    after the court found the initial complaint deficient, is indicative of a frivolous and harassing

2    litigation practice and reflects Plaintiff's implied concession that his complaints lacked merit.  (*Id*.

3    at 27).  Defendant also points out that at least two cases were outright dismissed as frivolous[6] and

4    three cases outright dismissed as meritless post judgement.[7]  Finally, Defendant points to

5    Plaintiff's disregard of court orders in the instant case where Plaintiff prematurely filed a motion

6    for summary judgment while the pleadings were ordered stayed, which the court struck due to its

7    order prohibiting any filings while the parties considered early ADR as directed by the Northern

8    District Court prior to transfer; and then refiled a pleading labeled "motion for summary

9    judgment' that was procedurally deficient and contained "outlandish and conclusory allegations"

10   which the Court found "not supported by any evidence" warning Plaintiff that such conduct "will not

11   be tolerated and a continuance of such litigation practices could subject Plaintiff to sanctions."  (*Id*. at

12   28, citing Doc. Nos. 48, 49, 50 at 3).

13       Plaintiff filed an opposition; a declaration in support of his opposition; and a supplemental

14   opposition.  (Doc. Nos. 53, 55, 56).  Liberally construed, Plaintiff generally disputes his vexatious

15   nature, argues the Court lacks subject matter jurisdiction and refers the Court to the Uniform

16   Commercial Code.  (*See generally Id*.).

17       **A.    Applicable Law**

18       "The All-Writs Act, 28 U.S.C. § 1651(a) provides district courts with the inherent power

19   to enter pre-filing orders against vexatious litigants."  *Molski v. Evergreen Dynasty Corp.*, 500

20   F.3d 1047, 1057 (9th Cir. 2007) (citation omitted).  A pre-filing order should only be entered

21   "after a cautious review of pertinent circumstances."  *Id*.  "Nevertheless, flagrant abuse of the

22   judicial process cannot be tolerated because it enables one person to preempt the use of judicial

23   time that properly could be used to consider the meritorious claims of other litigants."  *Id*.

24   (quotation marks and brackets omitted) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th

25

26   [6] *Hill v. Allison*, Case No. 2:21-cv-07368-JLS-E (C.D. Cal. Sept. 13, 2021) and *Hill v. Allison*, Case No.
     2:21-cv-01798-KJM-KJN (E.D. Cal. Sept. 30, 2021).

27   [7]  *Hill v. Allison*, Case No. 2:21-cv-07368-JLS-E (C.D. Cal. Sept. 13, 2021); *Hill v. Martinez*, Case No.
     4:21-cv-05557-YGR (N.D. Cal. May 25, 2021); and *Hill v. Santa Cruz Police Department*, Case No. 4:21-

28   cv-05532-YGR (N.D. Cal. Jul. 20, 2021).

Cir. 1990)).

Local Rule 151(b) of the Eastern District of California, provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a *procedural* Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

*Id.* (emphasis added).  While this Court adopts Title 3A, part 2 of the California Code of Civil Procedure, in determining whether to order a plaintiff post "security, bond, or undertaking," L.R. 151(b), federal substantive law, as opposed to California state law, governs the determination as to whether a plaintiff is "vexatious." *Gaines v. Beaver*, 2019 WL 6713419, at *1 (E.D. Cal. Dec. 10, 2019) (citations omitted), *findings and recommendation adopted by*, 2020 WL 58271 (E.D. Cal. Jan. 6, 2020); *Hammler v. Clark*, 2019 WL 6799850, at 1 (E.D. Cal. Dec. 13, 2019) (citations omitted), *findings and recommendation adopted by*, 2020 WL 868526 (E.D. Cal. Feb. 20, 2020).  A finding that a litigant is "vexatious" under federal law requires a showing "that the litigant's activities were numerous or abusive." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (citing *De Long*, 912 F.2d at 1147).  This means a court must "look at both the number and content of the filings[.]" *De Long*, 912 F.2d at 1148.  The number of filings alone is insufficient to justify declaring a plaintiff as a vexatious litigant. *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (citation omitted).  Instead, a "plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* (citation omitted).  Vexatious litigation "may have some merit and still be 'vexatious'" if the litigation is "'without reasonable or probable cause or excuse; harassing; or annoying.'" *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 886 (9th Cir. 2012) (quoting *Black's Law Dictionary* 1701 (9th ed. 2009)).

**B.      Analysis of Whether Plaintiff is a Vexatious Litigant**

The Court summarizes the 28 federal cases identified by Defendant and commenced by Plaintiff in the last seven years:

*////*

14

1.     *Hill v. Tyler*, Case No. 2:17-cv-01334-WBS-EFB (E.D. Cal. Jun. 29, 2017)

Plaintiff alleged violations of the Eighth Amendment for denial of medical care and a due process violation for the deprivation of personal property.  The assigned magistrate judge found Plaintiff's deprivation of property claim was not actionable under § 1983 and the complaint otherwise failed to state a cognizable Eighth Amendment claim because the allegations were conclusory and vague.  Plaintiff was granted leave to file an amended complaint to cure the deficiencies of his Eighth Amendment claim.  Plaintiff did not file an amended complaint, and the action was dismissed.

2.     *Hill v. Kelly*, Case No. 2:17-cv-01600-JAM-EFB (E.D. Cal. Aug. 2, 2017)

Plaintiff's alleged claims that his administrative appeal was improperly processed, his complaints were not properly investigated, he was subject to retaliation, being denied access to the courts, and defendants were violating policies.  The assigned magistrate judge found the complaint failed to state any cognizable claim and granted Plaintiff leave to file an amended complaint.  Plaintiff did not file an amended complaint and the action was dismissed.

3.     *Hill v. Strong*, Case No. 2:17-cv-01774-JAM-CKD (E.D. Cal. Aug. 23, 2017)

Plaintiff alleged claims of excessive use of force, retaliation, and a violation of his right to send and receive mail.  The assigned magistrate judge found that the complaint failed to state any cognizable claim noting his allegations were conclusory and vague, and granted Plaintiff leave to file an amended complaint.  Plaintiff did not file an amended complaint and the action was dismissed.

4.     *Hill v. Laureau*, Case No. 2:17-cv-02126-TLN-KJN (E.D. Cal. Oct. 11, 2017)

Plaintiff alleged Eighth Amendment violations by a forensic psychologist, Eighth Amendment violations stemming from CDCR's refusal to release him from custody and a retaliation claim.  The assigned magistrate judge found Plaintiff's claims were improperly joined and time barred, and one claim was conclusory and vague.  Plaintiff was granted leave to file an amended complaint.  Plaintiff did not file an amended complaint and the action was dismissed.

5.     *Hill v. Dang*, Case No. 2:18-cv-00029-MCE-CKD (E.D. Cal. Jan. 4, 2018)

Plaintiff alleged claims of sexual harassment and retaliation.  The assigned magistrate judge found the complaint failed to state any cognizable claim because the allegations were vague and conclusory.  Plaintiff was granted leave to file an amended complaint.  Plaintiff did not file an amended complaint, and the action was dismissed.

6.      *Hill v. Kennedy*, Case No. 2:19-cv-02148-MCE-EFB (E.D. Cal. Oct. 23, 2019)

Plaintiff alleged a due process violation claiming defendant misappropriated funds from his inmate trust account. The assigned magistrate judge found that Plaintiff's claims were conclusory, and the complaint failed to state a cognizable federal claim noting the proper remedy for Plaintiff's claim was in state law. The action was dismissed without leave to amend.

7.      *Hill v. Savage*, Case No. 2:20-cv-00145-JAM-AC (E.D. Cal. Jan. 21, 2020)

Plaintiff filed suit against Sacramento County Superior Judge Michael Savage following the denial of Plaintiff's application to be released under California Penal Code section 1026(a). Plaintiff claimed Judge Savage deprived him of due process and his access to the courts. The assigned magistrate judge found Plaintiff's claims were barred by judicial immunity, any challenge to his continuing commitment was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and his denial of access to the courts claim was "patently frivolous." The district court adopted the findings and recommendations in full and dismissed this action without leave to amend.

8.      *Hill v. Sacramento Cnty*, Case No. 2:20-cv-00816-KJM-AC (E.D. Cal. Apr. 21, 2020)

Plaintiff alleged Sacramento County violated his First Amendment rights because it did not properly train or supervise Sacramento County Superior Court Judge Michael Savage. Acknowledging that Judge Savage was entitled to immunity, Plaintiff insisted he should still be held responsible. The assigned magistrate judge found the complaint failed to state a cognizable claim because a county cannot be held responsible for a judge's actions. This action was dismissed without leave to amend.

9.      *Hill v. Tylek*, Case No. 4:20-cv-03156-YGR (N.D. Cal. May 8, 2020)

Plaintiff alleged a First Amendment retaliation claim. The assigned district judge found that the complaint failed to state a claim noting it contained conclusory allegations and failed to link the defendant to any act of alleged misconduct. Plaintiff was given leave to file an amended complaint. In his amended complaint, Plaintiff alleged prison officials retaliated against him by withholding his "confidential legal mail" from the Internal Revenue Service. The assigned district judge found the amended complaint failed to state any claim and dismissed the action finding further leave to amend would be futile.

10.     *Hill v. Diaz*, Case No. 2:20-cv-00963-TLN-CKD (E.D. Cal. May 11, 2020)

Plaintiff initiated this action by filing an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254; however, before the

court could review the petition, Plaintiff filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983.  This action was dismissed without prejudice to filing a 42 U.S.C. § 1983 complaint.

11.    *Hill v. Tyler*, Case No. 4:20-cv-04797-YGR (N.D. Cal. Jul. 17, 2020)

Plaintiff initiated this action without accompanying the filing with the filing fee or an application to proceed *in forma pauperis*.  Despite a court order to do so, Plaintiff never filed an application to proceed *in forma pauperis* nor did he pay the filing fee, and this action was dismissed for Plaintiff's failure to comply with a court order.

12.    *Hill v. Sacramento Cnty*, Case No. 2:20-cv-01477-KJM-DMC (E.D. Cal. Jul. 22, 2020)

Plaintiff alleged the defendant, a Sacramento County court clerk, violated the First Amendment by denying him access to a sanity hearing.  The assigned magistrate judge found the complaint violated Fed. R. Civ. P. 8 but, because judicial immunity extends to court employees, Plaintiff could not cure the deficiencies of his complaint.  The action was dismissed with prejudice.

13.    *Hill v. Newsome*, Case No. 2:20-cv-01652-KJM-KJN (E.D. Cal. Aug. 17, 2020)

Plaintiff alleged his compliance with Governor Newsome's mask mandate caused him to suffer from various health ailments and violated his rights under the due process clause.  The assigned magistrate judge found the complaint failed to state a claim and denied leave to amend because the deficiencies could not be cured.  Despite Plaintiff's objections, this action was dismissed.

14.    *Hill v. Athchley*, Case No. 4:20-cv-06428-YGR (N.D. Cal. Sept. 14, 2020)

The district court found that Plaintiff's claims were misjoined, did not link all the named defendants to his allegations, and violated Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff was given leave to file an amended complaint but failed to do so.  This action was dismissed.

15.    *Hill v. Tyler*, Case No. 4:20-cv-07374-YGR (N.D. Cal. Oct. 13, 2020)

The court found Plaintiff stated a cognizable Eighth Amendment medical deliberate indifference claim.  However, the court granted Defendants' motion to dismiss and dismissed the complaint as barred by res judicata.

16.    *Hill v. Ventura*, Case No. 4:20-cv-07460-YGR (N.D. Cal. Oct. 16, 2020)

Plaintiff asserted a violation of the Religious Land Use and Institutionalized Persons Act and a claim pertaining to issues with

the grievance process.  The court found the complaint failed to state claim and gave Plaintiff leave to file an amended complaint.  Plaintiff did not file an amended complaint and the action was dismissed.

17.     *Hill v. Martinez*, Case No. 4:20-cv-07621-YGR (N.D. Cal. Oct. 29, 2020)

Plaintiff initiated this action without paying the filing fee or completing an *in forma pauperis* application.  This action was dismissed after Plaintiff failed to pay the filing fee or file and complete the *in forma pauperis* application by the court ordered deadline.

18.     *Hill v. Perez*, Case No. 4:21-cv-00446-YGR (N.D. Cal. Jan. 11, 2021)

The district court found Plaintiff's claims difficult to discern and conclusory.  Plaintiff was given leave to file an amended complaint.  Plaintiff did not file an amended complaint and this action was dismissed.

19.     *Hill v. Weaver*, Case No. 4:21-cv-03640-YGR (N.D. Cal. May 14, 2021)

Plaintiff asserted claims he was illegally transferred, defendants were deliberately indifferent to his safety needs, and were retaliating against him.  The district court found the complaint failed to state a cognizable claim and granted him leave to file an amended complaint.  Plaintiff filed an amended complaint which had the same deficiencies identified in his previous complaint, including conclusory allegations.  The district court dismissed the amended complaint for a failure to state a claim upon which relief may be granted.

20.     *Hill v. Santa Cruz Police Dep't*, Case No. 4:21-cv-05532-YGR (N.D. Cal. Jul. 20, 2021)

This district court found Plaintiff lacked standing and dismissed this action with prejudice.

21.     *Hill v. Martinez*, Case No. 4:21-cv-05557-YGR (N.D. Cal. May 25, 2021)

Plaintiff claimed defendants retaliated against him in violation of the First Amendment.  The court found the complaint failed to state a cognizable claim and granted Plaintiff leave to file an amended complaint.  Plaintiff did not file an amended complaint and the action was dismissed.

22.     *Hill v. Cornelson*, Case No. 4:21-cv-06616-YGR (N.D. Cal. Aug. 26, 2021)

The district court found Plaintiff's initial complaint and first amended complaint failed to state any claim noting that they both contained conclusory allegations and failed to link defendants to his

allegations.  Plaintiff was granted leave to file a second amended complaint but failed to do so.  This action was dismissed.

23.     *Hill v. Bowers*, Case No. 2:21-cv-01602-KJM-DMC (E.D. Cal. Sept. 9, 2021)

The assigned magistrate judge screened Plaintiff's complaint and found it failed to allege any connection or link between the actions of the named defendants and the alleged deprivation of rights. Plaintiff was granted leave to file an amended complaint and failed to do so.  This action was dismissed for Plaintiff's failure to prosecute and comply with a court order.

24.     *Hill v. Allison*, Case No. 2:21-cv-07368-JLS-E (C.D. Cal. Sept. 13, 2021)

Plaintiff alleged that CDCR's use of his name on documents infringed his rights under trademark and copyright law.  This action was dismissed as frivolous.

25.     *Hill v. Allison*, Case No. 2:21-cv-01798-KJM-KJN (E.D. Cal. Sept. 30, 2021)

Plaintiff alleged CDCR's use of his name on documents infringed of his rights under trademark and copyright law.  This action was dismissed for a failure to state a claim.

26.     *Hill v. Rivera*, Case No. 5:22-cv-00060-JLS-E (C.D. Cal. Jul. 23, 2021)

Plaintiff alleged a retaliation claim against the defendants.  The assigned magistrate judge found the complaint failed to state a claim because the allegations were conclusory and speculative and granted Plaintiff leave to file an amended complaint.  Plaintiff did not file an amended complaint and this action was dismissed.

27.     *Hill v. Bullard*, Case No. 2:21-cv-02336-KJM-KJN (E.D. Cal. Nov. 16, 2021)

The assigned magistrate judge found that one of Plaintiff's claims in the complaint was duplicative of the claim Plaintiff raised in *Hill v. Escobar*, Case No. 2:21-cv-2118-JAM-JDP-P (E.D. Cal. Oct. 19, 2021) and dismissed this claim without leave to amend.  The court found the remainder of the complaint failed to state a claim and granted Plaintiff leave to file an amended complaint.  Plaintiff did not file an amended complaint and this action was dismissed.

28.     *Hill v. Aggarwal*, Case No. 2:22-cv-00571-WBS-DMC (E.D. Cal. Mar. 7, 2022)

This action was dismissed because Plaintiff did not make the proper showing of indigency to proceed *in forma pauperis*.

////

19

Admittedly, the number of cases alone cannot constitute vexatiousness but is a factor for the Court to consider.  *Moy*, 906 F.2d at 470.  A review of PACER, the Court's electronic case filing system, reveals that, in addition to these 28 cases, Plaintiff initiated over 30 additional cases from 2017 to the filing date of Defendant's instant Motion.  Unquestionably, Plaintiff is prolific filer.  Thus, the Court considers a substantive review of the content of Plaintiff's filings and the nature of his litigation practice to determine whether they support a finding of vexatiousness.

At least two of the cases cited by Defendant were dismissed for frivolity.  *See Hill v. Savage*, Case No. 2:20-cv-00145-JAM-AC (E.D. Cal. Jan. 21, 2020) (finding Hill's claim that Defendant a Superior Court Judge denied him access to the courts to be "patently frivolous."); *Hill v. Allison*, Case No. 2:21-cv-07368-JLS-E (C.D. Cal. Sept. 13, 2021) (finding Hill's claim that CDCR infringed Plaintiff rights under trademark and copyright laws by using his name on documents to be frivolous).  Moreover, Plaintiff filing this identical claim in *Hill v. Allison*, Case No. 2:21-cv-01798-KJM-KJN (E.D. Cal. Sept. 30, 2021) that although was dismissed for failing to state a claim, arguably reflects frivolity due to it duplicative nature.

Additionally, the Court takes judicial notice[8] that in addition to *Hill v. Tyler*, Case No. 4:20-cv-07374-YGR (N.D. Cal. Oct. 13, 2020) identified above, which was dismissed under res judicata, Plaintiff has had multiple other cases dismissed as duplicative or under res judicata. These cases include: (1) *Hill v. DeFranco*, Case No. 4:20-cv-04028-YGR (N.D. Cal. Jun. 17, 2020) (dismissed as duplicative); (2) *Hill v. DeFranco*, Case No. 4:20-cv-04795-YGR (N.D. Cal. Jun. 17, 2020) (dismissed as duplicative); (3) *Hill v. Tyler*, Case No. 4:20-cv-05249-YGR (N.D. Cal. Jul. 22, 2020) (dismissed as duplicative); and (4) *Hill v. Kay*, Case No. 4:21-cv-07600-YGR (N.D. Cal. Jul. 19, 2021) (dismissed as duplicative).  Plaintiff's practice of filing duplicative cases consitutes frivolousness and supports declaring him a vexatious litigant.  *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (recognizing a complaint that "merely repeats pending or

---

[8] Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court may take judicial notice on its own or at the request of any party.  *Id.* at 201(c).  Facts that may be judicially noticed include court records.  *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

1   previously litigated claims[]" may be dismissed as frivolous) (quoting *Bailey v. Johnson*, 846

2   F.2d 1019, 1021 (5th Cir. 1988); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

3          In addition to his frivolous and duplicative filings, Plaintiff has abandoned a significant

4   number of cases after the court screened his complaint.  Of the 28 cases cited by the Defendant,

5   13 were dismissed because Plaintiff failed to file an amended complaint, thus abandoning his

6   case.[9]  Arguably, as pointed out by Defendant, this implies a concession by Plaintiff that he was

7   not able to cure the noted deficiencies.   And this Court previously has found a similar pattern of

8   abandoning cases to be harassing.  *See Fields v. Patterson*, 2016 WL 1162083, at *10 (E.D. Cal.

9   Mar. 24, 2016) (finding that Plaintiff's pattern of voluntarily dismissing or abandoning ten cases

10  before a final decision on the merits was reached to be harassing and causing unnecessary burden

11  on courts and personnel), *findings and recommendation adopted by*, 2016 WL 4417686 (E.D.

12  Cal. Aug. 18, 2016); *see also Dmitriy v. Bella*, 2020 WL 1251032, at *5 (E.D. Cal. Mar. 16,

13  2020), *findings and recommendation adopted by*, 2020 WL 1702236 (E.D. Cal. Apr. 8, 2020).

14  Plaintiff's repetitive pattern of abandoning a case after screening and before a final decision on

15  the merits is reached causes an unnecessary burden on this Court and is harassing.  *See Microsoft*

16  *Corp.*, 696 F.3d at 886 (quoting *Black's Law Dictionary* 1701 (9th ed. 2009)).

17         Further, in almost a dozen cases, the court found the complaint contained conclusory

18  allegations or otherwise failed to link defendants to the allegations.[10]  Despite providing Plaintiff

19  ───────────────
    [9] (1) *Hill v. Tyler*, Case No. 2:17-cv-01334-WBS-EFB (E.D. Cal. Jun. 29, 2017); (2) *Hill v. Kelly*, Case
20  No. 2:17-cv-01600-JAM-EFB (E.D. Cal. Aug. 2, 2017); (3) *Hill v. Strong*, Case No. 2:17-cv-01774-JAM-
    CKD (E.D. Cal. Aug. 23, 2017); (4) *Hill v. Laureau*, Case No. 2:17-cv-02126-TLN-KJN (E.D. Cal. Oct.
21  11, 2017); (5) *Hill v. Dang*, Case No. 2:18-cv-00029-MCE CKD (E.D. Cal. Jan. 4, 2018); (6) *Hill v.*
    *Athcley*, Case No. 4:20-cv-06428-YGR (N.D. Cal. Sept. 14, 2020); (7) *Hill v. Ventura*, Case No. 4:20-cv-
22  07460-YGR (N.D. Cal. Oct. 16, 2020); (8) *Hill v. Perez*, Case No. 4:21-cv-00446-YGR (N.D. Cal. Jan. 11,
    2021); (9) *Hill v. Martinez*, Case No. 4:21-cv-05557-YGR (N.D. Cal. May 25, 2021); (10) *Hill v.*
23  *Cornelson*, Case No. 4:21-cv-00616-YGR (N.D. Cal. Aug. 26, 2021); (11) *Hill v. Bowers*, Case No. 2:21-
    cv-01602-KJM-DMC (E.D. Cal. Sept. 9, 2021); (12) *Hill v. Rivera*, Case No. 5:22-cv-00060-JLS-E (C.D.
24  Cal. Jul. 23, 2021); and (13) *Hill v. Bullard*, Case No. 2:21-cv-02336-KJM-KJN (E.D. Cal. Nov. 16,
    2021).
25
    [10] (1) *Hill v. Tyler*, Case No. 2:17-cv-01334-WBS-EFB (E.D. Cal. Jun. 29, 2017); (2) *Hill v. Strong*, Case
26  No. 2:17-cv-01774-JAM-CKD (E.D. Cal. Aug. 23, 2017); (3) *Hill v. Laureau*, Case No. 2:17-cv-02126-
    TLN-KJN (E.D. Cal. Oct. 11, 2017); (4) *Hill v. Kennedy*, Case No. 2:19-cv-02148-MCE-EFB (E.D. Cal.
27  Oct. 23, 2019); (5) *Hill v. Tylek*, Case No. 4:20-cv-03156-YGR (N.D. Cal. May 8, 2020); (6) *Hill v.*
    *Athcley*, Case No. 4:20-cv-06428-YGR (N.D. Cal. Sept. 14, 2020); (7) *Hill v. Perez*, Case No. 4:21-cv-
28  00446-YGR (N.D. Cal. Jan. 11, 2021); (8) *Hill v. Weaver*, Case No. 4:21-cv-03640-YGR (N.D. Cal. May

                                                      21

1    with guidance on how to correct these deficiencies, Plaintiff ignored the court's guidance and

2    continued to file deficient complaints with only conclusory allegations and without linking

3    defendants to the allegations.  Such behavior is contrary to good faith litigation and is harassing.

4    *See Dimitriy*, 2020 WL 1251032, at *5-6 (finding plaintiff's continued litigation practice of

5    raising claims which he could not maintain, despite the court's guidance, to be vexatious and

6    harassing); *Tyler v. Knowles*, 2012 U.S. Dist. LEXIS 162268, at *18 (E.D. Cal. Nov. 13, 2012),

7    aff'd, 594 F. App'x 426, 427 (9th Cir. 2015) ( affirming vexatiousness finding noting "despite

8    being told by trial courts time and again that 'deliberate indifference is high legal standard,' all of

9    part of each of Tyler's actions have been dismissed on summary  judgment for falling far short of

10   that high standard and therefore failing to rise issues of triable fact.").  The panoply of the

11   complaints filed by Plaintiff are repetitive, wholly insubstantial, conclusory, or frivolous and

12   consumed overburdened and limited judicial resources.

13          Additionally, the Court has located six other cases where Plaintiff misrepresented his

14   financial condition in his application to proceed *in forma pauperis*.  The Court takes judicial

15   notice of the following cases in which Hill stated under the penalty of perjury in his application to

16   proceed *in forma pauperis* that he had no cash or any other assets despite him having not

17   insignificant funds in his trust fund account: (1) *Hill v. Allison*, Case No. 2:22-cv-0718-EFB P

18   (E.D. Cal. Mar. 24, 2022) (stating he owned no cash and did not receive any money from the

19   government but court noting contrary statements in applications filed in other cases initiated at

20   the same time); (2) *Hill v. Martini*, Case No. 2:22-cv-01603-KJM-AC (E.D. Cal. Sept. 8, 2022)

21   (stating no cash or assets despite trust account showing a balance of $5,221.90); (3) *Hill v. Her*,

22   Case No. 2:22-cv-01849-KJM-KJN (E.D. Cal. Oct. 13, 2022) (same); (4) *Hill v. Lynch*, Case No.

23   2:22-cv-00686-KJM-AC (E.D. Cal. Mar. 24, 2022) (stating no funds despite trust account

24   showing a balance of $3,012.82); (5) *Hill v. McGeffen,* Case No. 2:22-cv-01524-DAD-JDP (E.D.

25   Cal. Aug. 25, 2022) (stating no assets despite trust account showing a balance of $4,656.00); (6)

26

27   14, 2021); (9) *Hill v. Cornelson*, Case No. 4:21-cv-06616-YGR (N.D. Cal. Aug. 26, 2021); (10) *Hill v.*
     *Bowers*, Case No. 2:21-cv-01602-KJM-DMC (E.D. Cal. Sept. 9, 2021); and (11) *Hill v. Rivera*, Case No.
28   5:22-cv-00060-JLS-E (C.D. Cal. Jul. 23, 2021).

1    *Hill v. Ng*, Case No. 2:22-cv-02053-WBS-AC (E.D. Cal. Nov. 8, 2022) (stating no assets despite

2    trust account statement in other cases filed at same time showing balance of $5,221.90).  Plaintiff

3    made the same representations in this action despite similarly having sufficient funds to pay the

4    $402.00 filing fee.  Plaintiff's misrepresentations to the courts made under penalty of perjury are

5    not good faith litigation practices and are "'without reasonable or probable cause or excuse,

6    harassing, or annoying'" and therefore support declaring Plaintiff a vexatious litigant.  *Microsoft*

7    *Corp.*, 696 F.3d at 886 (quoting *Black's Law Dictionary* 1701 (9th ed. 2009)).  Further, recently,

8    Plaintiff has refused and returned a court order.  (*See* Doc. No. 63, citing to "truth and lending act,

9    UCC 1-308" while acknowledging receipt of undersigned's June 29, 2023 order and sending "the

10   order back to the court refusing to contract.").

11          Thus, based on the foregoing, the undersigned finds Plaintiff's litigation practices to be

12   numerous, harassing, and abusive and RECOMMENDS that the district court declare Plaintiff a

13   vexatious litigant.

14          **C.      Posting Security**

15          For the Court to require Plaintiff to post security before proceeding further, it must find

16   Plaintiff does not have a reasonable chance of prevailing in this case.  Cal. Civ. Proc. Code §

17   391.3.  "In making this determination, the Court performs an evaluative function and is required

18   to weigh the evidence; it does not assume the truth of Plaintiff's allegations."  *Fields*, 2016 WL

19   1162083 at *10 (citing *Moran v. Murtaugh Miller Meyer & Nelson, LLP*, 40 Cal.4th 780-784-86

20   (2007); *Golin v. Allenby*, 190 Cal.App.4th 616, 635 (Cal. Cat. App. 2010)); *see also Hammler v.*

21   *Clark*, 2019 WL 6799850, at *4 (E.D. Cal. Dec. 13, 2019) ("In determining whether there is no

22   reasonable probability of success, a court may determine whether a claim is foreclosed as a matter

23   of law, but may also weigh the evidence.") (citations omitted), *findings and recommendation*

24   *adopted by*, 2020 WL 868526 (E.D. Cal. Feb. 20, 2020).  *Golin v. Allenby*, 190 Cal. App. 4th 616,

25   642 (2010) (holding that inability to prevail may be shown by weight of evidence or lack of

26   merit).  The Court may consider "any evidence, written or oral, by witnesses or affidavit, as may

27   be material to the ground of the motion." Cal. Civ. Proc. Code § 391.2.

28          Defendant argues that Plaintiff does not have a reasonable probability of prevailing

because he will not be able to allege sufficient facts that the Defendant was a state actor and that no act or omission made by the Defendant constitutes deliberate indifference. (Doc. No. 51 at 28-32). Defendant submits excerpts from Plaintiff's medical files (Doc. No. 51-1) and Defendant's Declaration in support (Doc. No. 51-2), that the Court may consider at this stage. Cal. Civ. Proc. Code. § 391.2.

The undersigned references the case law under the state actor subsection cited *supra*. As already discussed at length above, the evidence shows that the Defendant maintains Natural Vision Medical Group, a private ophthalmology practice. (Doc. No. 51-2, ¶ 2). Plaintiff had a medical appointment with Defendant for "emergency treatment." (Doc. No. 15 at 3). Defendant is not a CDCR employee, neither he nor his practice, Natural Vision Group, have ever had a contract with the state of California to provide medical care to inmates in CDCR's custody. (Doc. No. 51-2, ¶ 11). Plaintiff also admits in his FAC that Defendant is an eye specialist for "a private company." (Doc. No. 15 at 2). Thus, based on Plaintiff's FAC and the evidence offered in support of Defendants Motion, there is not a reasonable probability that Plaintiff will be able to show that Defendant is a state actor. Private parties, like the Defendant, are generally not state actors. *Williams*, 2021 WL 2355651, at *5 (E.D. Cal. June 9, 2021) (citing *Price v.* Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991)). There is no evidence to establish a close nexus between the Defendant and the state. Instead, the evidence points to there not being a close nexus because Defendant maintains a private practice, is not a CDCR employee, and does not have a contract with the state. There is no evidence that Defendant obtains significant aid from the state, or his conduct is otherwise chargeable to the state. Finally, the fact that Defendant was to provide Plaintiff with "emergency treatment" supports him not being a state actor. *See Ovalle*, 2023 WL 2629892, at *4; *Clewis*, 2013 WL 2482521, at *6. For the reasons set forth above, there is not a reasonable probability that Plaintiff will be able to show that Defendant is a state actor.

Defendant next argues that the facts will reveal that his actions do not constitute deliberate indifference. Defendant states he intended to perform a "slit lamp examination, fundus examination which required [him] to be inches from the patient's face." (Doc. No. 51-2, ¶7). Plaintiff's mask was "around his neck." (*Id*.). When advised to wear the mask in compliance

24

1   with the Covid-19 guidelines, Plaintiff "became very belligerent and extremely hostile." (*Id.*).

2   Plaintiff's demeanor and refusal to wear the mask "scared" Defendant's medical assistants. (*Id.*).

3   Despite repeated requests to Plaintiff to wear the mask, Plaintiff refused and continued his

4   hostilities. (*Id.*, ¶8-9). Present during the examination were Defendant, his staff and two officers.

5   (*Id.*, ¶8). Due to Defendant's concern that he was placing himself, his staff and his other patients

6   at risk, and Plaintiff's refusal to comply with the Covid-19 Guidelines established by California

7   and the CDC, Defendant discharged Plaintiff. (*Id.*, ¶9). As further support, Defendant points to

8   Plaintiff's comments on his return to SVSP where he told the nurse that he did not get a full eye

9   exam because he refused to wear a mask (Doc. No. 51-1 at 12), past instances documented in

10  Plaintiff's medical records when he refused to wear a mask and stated his belief that the "Covid-

11  19 pandemic is fake" (doc. No. 51-1 at 9), and the fact Plaintiff sued the State of California and

12  Governor Newsome over the mask mandate. (*Hill v. Newsome*, Case No. 2:20-cv-01652-KJM-

13  KJN (E.D. Cal. Aug. 17, 2020). Defendant also vehemently denies making any racially

14  derogatory comments to Plaintiff and, in fact, admits to being of the same race (African

15  American) as Plaintiff. (Doc. No. 51-2, ¶10).

16      Based on the foregoing, the undersigned finds there is a reasonable probability that if a

17  jury deemed Dr. Kaye's testimony more credible, the jury would find Defendant Kaye reasonably

18  relied upon California State and CDC's Covid -19 Guidelines requiring patients to wear masks in

19  public health settings and his refusal to treat Plaintiff due to his assessment that Plaintiff's

20  unmasking posed a threat to him, his staff and his patients was reasonable and not objective

21  evidence of deliberate indifference. *See e.g. Witt v. Bristol Farms*, 2021 WL 5203297, at *7

22  (S.D. Cal. Nov. 9, 2021), *appeal dismissed as moot sub nom. Witt v. UC - San Diego, Health*,

23  2023 WL 4846449 (9th Cir. June 1, 2023) (granting motion to dismiss against medical clinic

24  finding direct threat defense applied to Title III ADA claim where plaintiff refused to wear mask

25  to enter medical facility to obtain medical treatment during Covid-19 pandemic); *Ewers v.*

26  *Columbia Med. Clinic*, 2023 WL 5629796, at *6 (D. Or. Aug. 31, 2023) (same).

27      Thus, based on the current weight of the evidence, the undersigned finds that Plaintiff is

28  not likely to prevail in this litigation.

1    **D.      Amount of Security**

2    Defendant requests Plaintiff be required to post security in the amount of at least $10,000

3    before he may proceed further in this action.  (Doc. No. 51 at 33).  Defense counsel attests she

4    expended 27 hours to research and prepare the Motion at an hourly rate of $215 per hour and her

5    supervisory partner, Denise Billups-Slone, spent one hour revising and finalizing the Motion at an

6    hourly rate of $245.00, for a total of $6,050.00 in attorney fees.  (Doc. No. 51-1, ¶ 4). The

7    $10,000.00 figure exceeds the amount defense counsel expended in researching and preparing

8    this Motion.

9    Security is defined as "an undertaking to assure payment, to the party for whose benefit

10   the undertaking is required to be furnished, of the party's reasonable expenses, including

11   attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation

12   instituted caused to be instituted, or maintained or caused to be maintained by a vexatious

13   litigant."  Cal. Civ. Proc. Code § 391(c).  Here, defense counsel offers no reasons to support a

14   security of $10,000.00.  Courts generally order security that is supported by evidence and tied to

15   costs associated with the motion to declare a plaintiff a vexatious litigant, not anticipated

16   expenses for the entire litigation.  *See Fields*, 2016 WL 1162083 at *12 (calculating security of

17   $7,905.00 was based on defense counsel's hourly rate and hours expended on a motion for an

18   order requiring security from a vexatious litigant and did not include paralegal or secretarial

19   time); *Howell v. Johnson*, 2021 WL 3418437, at *13 (E.D. Cal. Aug. 5, 2021) (calculating

20   security of $8,800 was based on defense counsel's hourly rate and hours expended on the

21   motion), *findings and recommendations adopted by*, 2021 WL 4776817 (E.D. Cal. Oct. 13,

22   2021); *Bradford v. Vella-Lopez*, 2014 WL 7069625, at *7 (E.D. Cal. Dec. 12, 2014) (calculating

23   security of $2,295 was based on defense counsel's hourly rate and hours expended on the

24   motion), *findings and recommendations adopted by*, 2015 WL 644235 (E.D. Cal. Feb. 13, 2015).

25   The undersigned RECOMMENDS that the district court impose a financial barrier,

26   despite Plaintiff's claimed indigent status, and require Plaintiff to post security in the amount of

27   $6,050.00 to proceed further in this action.

28   ACCORDINGLY, it is **RECOMMENDED**:

26

1.  The district court revoke Plaintiff's *in forma pauperis status* (Doc. No. 13) and require Plaintiff to pay the $402.00 filing fee within thirty (30) days, the failure of which will result in a dismissal of this action without prejudice.

2.  The district court grant Defendant's motion to dismiss (Doc. No. 51) in part finding Plaintiff's first amended complaint fails to allege sufficient facts that Defendant was a state actor and dismiss the first amended complaint without prejudice to Plaintiff being granted leave to file a second amended complaint.

3.  The district court grant Defendant's request to declare Plaintiff a vexatious litigant (Doc. No. 51) and require Plaintiff to post a security of $6,050.00 before this action proceeds further.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


Dated:   September 11, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

27