**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CYMEYON HILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID B. KAYE[1],<br><br>　　　　Defendant. | Case No.  1:22-cv-0929 JLT HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS, GRANTING DEFENDANT'S MOTION TO DISMISS IN PART, DECLARING PLAINTIFF A VEXATIOUS LITIGANT, AND REQUIRING PLAINTIFF TO POST A BOND<br><br>(Docs. 51, 65) |

　　　Cymeyon Hill is a civil detainee proceeding *pro se* in this action, in which he seeks to hold Dr. David Kaye liable for violating his civil rights pursuant to 42 U.S.C. § 1983.  (Doc. 15.) Defendant seeks dismissal of the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting Plaintiff fails to state a claim upon which relief may be granted.  Defendant also seeks to have Plaintiff declared a vexatious litigant.  (Doc. 51.)

　　　As an initial matter, the Northern District of California granted Plaintiff leave to amend *in forma pauperis* prior to transferring the action to this Court.  (Doc. 13.)  Prior to addressing Defendant's motion, the assigned magistrate judge performed "a full review of the docket and filings, including Plaintiff's applications to proceed *in forma pauperis* … and his inmate fund trust account statement."  (Doc. 65 at 3.)  The magistrate judge observed that Plaintiff "stated

---

[1] Defendant indicates his name is properly spelled "Kaye" rather "Kay." (Doc. 51 at 9.)

1  under penalty of perjury that he had no cash or assets," but "contrary to these averments,"
2  Plaintiff's Inmate Statement Report indicated that he had $4,247.32 in his account.  (*Id.* at 4.)
3  The magistrate judge found that "the information provided by Plaintiff reflects that he had
4  sufficient funds to pre-pay the $402.00 filing fee in full and have adequate funds left over for any
5  incidental personal or commissary expenses."  (*Id.* at 5.)  Therefore, the magistrate judge
6  recommended the Court revoke Plaintiff's *in forma pauperis* status.  (*Id.*)

7        The magistrate judge reviewed the allegations of Plaintiff's complaint, and found they
8  were insufficient to state a claim against Defendant.  (Doc. 65 at 11-12.)  The magistrate judge
9  determined Plaintiff failed to allege any facts supporting a conclusion that "Kaye was anything
10 more than a private optometrist," the magistrate judge found Plaintiff failed to satisfy "a
11 necessary element to bring a § 1983 action and thus it fails to state a claim."  (*Id.* at 11.)  Because
12 this deficiency may be cured, the magistrate judge recommended the claim be dismissed without
13 prejudice to Plaintiff filing a second amended complaint.  (*Id.* at 12.)

14       Finally, the magistrate judge evaluated whether Plaintiff should be declared a vexatious
15 litigant.  (Doc. 65 at 12-23.)  The magistrate judge took judicial notice of more than 30 actions
16 filed by Plaintiff.  (*Id.* at 65 at 20, 22; *see also* Doc. 62 [granting the request for judicial notice].)
17 The magistrate judge determined: "The panoply of the complaints filed by Plaintiff are repetitive,
18 wholly insubstantial, conclusory, or frivolous and consumed overburdened and limited judicial
19 resources."  (*Id.* at 22.)  The magistrate judge determined that Plaintiff's litigation practices are
20 "numerous, harassing, and abusive," and recommended Plaintiff be declared a vexatious litigant.
21 (*Id.* at 23.)  In addition, the magistrate judge recommended Plaintiff be ordered to post a security
22 in the amount of $6,050.00, based upon the hours and rates reported by Defendant's counsel in
23 bringing the motion. (*Id.* at 23-25.)

24       On September 11, 2023, the Court served the Findings and Recommendations on all
25 parties and informed them that any objections must be filed within 14 days.  (Doc. 65 at 27.)  In
26 addition, the Court advised the parties that the "failure to file objections within the specified time
27 may result in the waiver of rights on appeal."  (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834,
28 838-39 (9th Cir. 2014).)  Neither party filed objections, and the deadline to do so expired.

According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations, filed on September 11, 2023 (Doc. 65) are **ADOPTED** in full.
2. Plaintiff's *in forma pauperis* status (Doc. 13) is **REVOKED**.
3. Plaintiff **SHALL** pay the $402.00 filing fee **within 30 days** of this order. Failure to pay the filing fee as ordered will result in a dismissal of this action without prejudice.
4. Defendant's motion to dismiss (Doc. 51) is **GRANTED IN PART**, and Plaintiff's First Amended Complaint is **DISMISSED** with leave to amend.
5. Plaintiff **SHALL** file any Second Amended Complaint **within 30 days** of the date of service of this order. Failure to file a second amended complaint will result in a dismissal of this action.
6. Defendant's request to declare Plaintiff a vexatious litigant (Doc. 51) is **GRANTED**.
7. **Within 30 days,** Plaintiff **SHALL** post security in the amount of $6,050.00 to proceed with this action.

**Failure to comply with any portion of this order will result in the action being dismissed.**

IT IS SO ORDERED.

Dated: **October 13, 2023**

UNITED STATES DISTRICT JUDGE

3